## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JARVIS LAMAR POSTLEWAITE,** | ) | |
| **No. R25461,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-00930-JPG** |
| | ) | |
| **WARDEN TREDWAY,** | ) | |
| **WARDEN MOORE,** | ) | |
| **CHAPLIN VAUGHN,** | ) | |
| **COUNSELOR WILLIAMS,** | ) | |
| **SALVADOR GODINEZ.** | ) | |
| **WARDEN DUNCAN,** | ) | |
| **UNKNOWN DIETARY SUPERVISORS,** | ) | |
| **UNKNOWN MAILROOM SUPERVISORS,** | ) | |
| **JOHN COE,** | ) | |
| **PHILLIP MARTIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jarvis Lamar Postlewaite, an inmate in Lawrence Correctional Center, initiated this action in August 2014.  His original complaint sought only injunctive relief, in the form of medical and mental health treatment, and a transfer to another prison in order to avoid physical injury and retaliation.  However, the pleading also outlined eight counts, suggestive of a civil rights complaint pursuant to 42U.S.C. § 1983 and supplemental state law tort claims.  The complaint failed to state a claim upon which relief could be granted and was dismissed without prejudice (*see* Doc. 5).  Plaintiff was granted leave to file an amended complaint.  He was warned that failure to file an amended complaint would result in the dismissal of this action and the assessment of a strike for purposes of 28 U.S.C. § 1915(g).  Plaintiff attempted to file an

amended complaint by interlineation, asserting only a claim that he was denied access to the commissary, but it was stricken (*see* Doc. 7).

Plaintiff's most recent amended complaint (Doc. 8) is now before the Court for a preliminary review of the pleading pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility.  *Id*. at 557.   At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

The amended complaint (Doc. 8) has dropped a few defendants named in the original complaint and added others.  Plaintiff now asserts six separate claims, similar to the eight civil rights claims in the original complaint:

Count 1:  Phillip Martin, Elizabeth Tredway, and "Jane/John Doe" denied Dr. Coe's request that Plaintiff be permitted to see an ear specialist, in violation of the Eighth Amendment;

Count 2:  Chaplain Vaughn denied Plaintiff's request to be placed on a Ramadan diet and eating schedule, in violation of the First Amendment; as a result, Plaintiff received inadequate nutrition in violation of the Eighth Amendment;

Count 3:  Counselor Williams did not respond to Plaintiff's grievances, in violation of the Fourteenth Amendment;

Count 4:  Mailroom officials opened several legal letters in violation of IDOC rules and regulations;

Count 5:  Knowing that Plaintiff was allergic to tomatoes, Dr. John Coe failed to issue an order directing the Dietary Department to not serve Plaintiff tomatoes, in violation of the Eighth Amendment; and

Count 6:  IDOC Director Salvador Godinez has not responded to any of Plaintiff's letters complaining about his constitutional claims.

Plaintiff seeks declaratory relief, compensatory and punitive damages, and injunctive relief.

## Discussion

## Count 1

Plaintiff alleges that Phillip Martin, Elizabeth Tredway, and "Jane/John Doe" denied Dr. Coe's request that Plaintiff be permitted to see an ear specialist, in violation of the Eighth Amendment.  The claim, as stated, is no more than an assertion.  The amended complaint does not offer minimum amount of factual underpinnings necessary to state a claim that is plausible, not merely possible.

Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A medical condition need not

be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).   There are no allegations suggesting a serious medical need, let alone deliberate indifference by Martin, Tredway and the unidentified "Jane/John Doe," who is not even listed as a defendant. Therefore, Count 1 will be dismissed without prejudice.

Plaintiff acknowledges that Count 1 is tangentially related to another pending action in this district, *Postelwaite v. Cole*, Case No. 14-cv-717-NJR (S.D. Ill. 2014).  At this juncture, the Court cannot discern whether Count 1 belongs as part of that other case.

## Count 2

Count 2 alleges that Chaplain Vaughn denied Plaintiff's request to be placed on a Ramadan diet and eating schedule in violation of the First Amendment; as a result, Plaintiff received inadequate nutrition in violation of the Eighth Amendment.   Under the liberal notice pleading standard, the Court will permit Count 2 to proceed.

## Count 3

As framed in Count 3, it is alleged that Counselor Williams failed to respond to Plaintiff's grievances, in violation of the Fourteenth Amendment.  As a result, Plaintiff contends he was unable to exhaust administrative remedies, as is required under 42 U.S.C. § 1997e(a).

The Seventh Circuit has made it clear that "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir. 1982).  Furthermore, Plaintiff does not need a response from his counselor to move forward

with a grievance, and then a lawsuit. *See* 20 Ill. Admin. Code § 504.810(a); *Owens v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011). Furthermore, Plaintiff has also failed to allege any prejudice suggesting a First Amendment claim. Therefore, Count 3 will be dismissed with prejudice.

## Count 4

Count 4 pertains to the general assertion that "several legal letters [were] opened by officials in the mailroom" (Doc. 8, p. 8). This claim is flawed in that no named defendant is involved. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The violation of IDOC rules and regulations, alone, does not violate the Constitution. *See* 42 U.S.C. § 1983. The claim also lacks the minimal factual underpinnings required under the *Twombly* pleading standard. Count 4, therefore, will be dismissed without prejudice.

## Count 5

Count 5 pertains to the allegation that, knowing that Plaintiff was allergic to tomatoes, Dr. John Coe  failed direct the Dietary Department to not serve Plaintiff tomatoes, thereby violating the Eighth Amendment. According to the amended complaint, Dr. Coe merely instructed Plaintiff to tell the Dietary Department not to serve him tomatoes. Given that tomatoes are an ingredient in so many foods and an allergic reaction can be life threatening, and considering Coe's flippant response, Plaintiff has stated a colorable Eighth Amendment claim against Dr. Coe.

**Count 6**

Count 6 is premised upon the allegation that Plaintiff wrote to IDOC Director Salvador Godinez regarding "all the acts taken against him," but Godinez never responded.  As pleaded, the amended complaint does not sufficiently indicate what knowledge was imparted to Director Godinez.  Also, as previously noted, failing to answer letters and grievances, does not, alone, violate Plaintiff's constitutional rights. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir.1996).  In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right."  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir. 2001)).  The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011).  Therefore, Count 6 will be dismissed without prejudice.

**Personal Involvement**

Merely naming a defendant in the caption is insufficient to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  The amended complaint does not state claims against Warden Duncan, the Unknown Dietary Supervisors, the Unknown Mailroom Supervisors, or Warden Moore.  Although letters from Plaintiff to "the Mailroom," "Dietary Supervisor," and Warden Moore" are attached to the amended complaint, the Court is not responsible for wholly creating claims on Plaintiff's behalf.   Therefore, Warden Duncan, the Unknown Dietary Supervisors, the Unknown Mailroom Supervisors and Warden Moore will be dismissed without prejudice.

**Severance**

Count 2, the religious diet/nutrition claim against Chaplain Vaughn, and Count 5, the deliberate indifference claim against Dr. Coe, both state colorable claims.  However, "[u]nrelated claims against different defendants belong in different suits[.]"  *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Otherwise, prisoners easily could sidestep the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996), in particular the PLRA's provisions regarding filing fees.  *See id.*  Rule 18 provides, in relevant part, that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed.R.Civ.P. 18(a).  Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George,* 507 F.3d at 607.

Rule 20 of the Federal Rules of Civil Procedure similarly applies with as much force to cases brought by prisoners as it does to any other kind of case.  *See id.*  Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2).  Both of the requirements of Rule 20(a) must be satisfied in order to sustain party joinder under the rule.  *See Intercon Research Associates., Ltd. v. Dresser Industries,* 696 F.2d 53, 57 (7th Cir. 1982).  Accordingly, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner."

*George,* 507 F.3d at 607.

The amended complaint, as a whole, is the sort of buckshot complaint *George* prohibits. Count 2 and Count 5 state colorable claims, but each count is brought against a different defendant, and those two claims have nothing to do with each other.  Counts 1, 4 and 6 are being dismissed without prejudice—meaning that Plaintiff is not foreclosed from attempting to re-plead those claims.  However, even if the pleading errors are corrected, those claims would have to proceed in separate, new cases.

Consistent with *George,* Count 2 will proceed in this action, and Count 5 will be severed from this case.  A separate case will be opened for Count 5.  Plaintiff will be given an opportunity to voluntarily dismiss the newly severed case (Count 5) if he does not wish to proceed or incur the additional filing fee that must be assessed for that new case.

Counts 1, 4 and 6, will be dismissed without prejudice—meaning that Plaintiff can, theoretically, re-plead those claims.  As already noted, if Plaintiff elects to proceed with those claims, he will have to open one or more new cases.

## **Pending Motions**

### **Counsel**

Plaintiff's motion for appointment of counsel (Doc. 2) will be referred to a magistrate judge for consideration.

### **Preliminary Injunction**

A review of Plaintiff's motion for preliminary injunction (Doc. 9) reveals that it pertains to defendants and issues not relevant to Count 2 (or any of the claims in the amended complaint, for that matter).  More specifically, Plaintiff seeks:  (1)  a permit to order headphones, as opposed to ear buds; (2) a transfer to a facility that provides protective custody; (3) a transfer to

Shawnee Correctional Center, "if protective custody is restricted due to clear signs of discrimination and retaliation"; and (4) mental health treatment or a transfer.  Count 2 pertains to Chaplain Vaughn (to whom the motion is not directed) and the denial of a Ramadan diet and resulting nutritional inadequacies.  Count 5 pertains to Dr. Coe and his failure to ensure that Plaintiff is not served tomatoes.  Because the motion for a preliminary injunction is not relevant to either Count 2 or Count 5, it will be denied as moot.

**<u>Status Hearing</u>**

Plaintiff's motion for a status hearing regarding the amended complaint (Doc. 10) will be denied as moot, as this order addresses the amended complaint in full.

**<u>Disposition</u>**

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 1, 4 and 6** and Defendants **WARDEN DUNCAN, WARDEN TREDWAY, UNKNOWN DIETARY SUPERVISORS, UNKNOWN MAIL SUPERVISORS, PHILLIP MARTIN, WARDEN MOORE and SALVADOR GODINEZ** are all **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 3** and Defendant **COUNSELOR WILLIAMS** are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 2**, the religious diet claim against Defendant **CHAPLAIN VAUGHN** shall **PROCEED in this action**.

**IT IS FURTHER ORDERED** that **COUNT 5**, the medical deliberate indifference claim against Defendant **JOHN COE** is **SEVERED** into a new case.  The Clerk is **DIRECTED** to file the following documents in the newly created case:

1. **This Memorandum and Order; and**

2. **The Amended Complaint (Doc. 8).**

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened cases, he must notify the Court in writing on or before **January 16, 2015**.   Service will not be ordered on Defendant **JOHN COE** until after the deadline for Plaintiff's response. However, the Clerk shall **TERMINATE JOHN COE** as a defendant in the instant action.

Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened actions, **Plaintiff will be responsible for an additional filing fee for the new case (relative to Count 5)**.   If Plaintiff elects to proceed with the severed case, he must either pay the full $400 filing fee when he makes that election, or file a motion to *proceed in formal pauperis*.

Plaintiff will have to file anew any motion(s) filed in the present case that he desires to pursue in the newly severed case—no motions are being carried over into the new case.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (Doc. 9) and motion for status hearing (Doc. 10) are both **DENIED as moot**.

The Clerk of Court shall prepare for Defendant **CHAPLAIN VAUGHN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant Vaughn's place of employment as identified by Plaintiff.

If Defendant Vaughn fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant Vaughn no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known,

Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant Vaughn is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to  a United States Magistrate Judge for further pre-trial proceedings, including consideration of Plaintiff's motion for appointment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 10, 2014**

<u>s/J. Phil Gilbert</u>
**United States District Judge**