IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARVIS LAMAR POSTLEWAITE, )<br>No. R25461, )<br>      )<br>           Plaintiff, )<br>      )<br>    vs.      )    Case No. 14-cv-01365-MJR<br>      )<br>JOHN COE, and )<br>MR. DENSMORE, )<br>      )<br>           Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Jarvis Lamar Postlewaite, an inmate in Lawrence Correctional Center, initiated a civil rights action in August 2014, Case No. 14-cv-930-JPG.  His original complaint failed to state a claim upon which relief could be granted and was dismissed without prejudice.  Plaintiff amended complaint similarly missed the mark.  A second amended complaint presented two colorable constitutional claims, but those claims were severed into separate cases in accordance with *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  Count 5 in Case No. 14-cv-930-JPG formed the basis for this present action, Case No. 14-cv-1365-MJR, alleging:

> Knowing that Plaintiff was allergic to tomatoes, Dr. John Coe     failed to issue an order directing the Dietary Department to not serve Plaintiff tomatoes, in violation of the Eighth Amendment.

Plaintiff was given an opportunity to opt out of this severed case, but he elected to proceed.  His amended complaint (Doc. 4) now controls.  Plaintiff has added an Eighth Amendment claim against Dietary Supervisor Densmore.  The amended complaint (Doc. 4) is

now before the Court for a preliminary review of the pleading pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Amended Complaint

According to the amended complaint, Plaintiff Postlewaite's medical records have long indicated that he is allergic to tomatoes. However, when Plaintiff arrived at Lawrence Correctional Center he was denied a special diet that accommodated his tomato allergy. Dietary Supervisor Densmore denied Plaintiff's request for a special diet, explaining that a special diet would not be provided until Plaintiff produced a record from "medical" showing that he is allergic to tomatoes.

According to the amended complaint, Dr. John Coe suggested Plaintiff just not eat foods that are served that contain tomatoes. Consequently, Plaintiff went without a proper diet for three months until the warden intervened and ensured Plaintiff received a special diet.

Although a special diet has been authorized for Plaintiff, he contends that the meal trays he is receiving do not contain adequate nutrition and calories. Plaintiff asserts that he is being given nutritionally deficient food trays by "dietary supervisors" in retaliation for having complained about the refusal to give him a special diet.

Plaintiff seeks compensatory and punitive damages.

The amended complaint is construed as asserting the following claims:

**Count 1: Dr. John Coe failed to issue an order directing the Dietary Department to not serve Plaintiff tomatoes, in violation of the Eighth Amendment;**

**Count 2: Dietary Supervisor Densmore failed to direct that Plaintiff be served a diet not containing tomatoes, in violation of the Eighth Amendment; and**

**Count 3: In retaliation for Plaintiff complaining about not being served a special diet, Dietary Supervisor Densmore had Plaintiff served a nutritionally inadequate diet in violation of the Eighth Amendment and the First Amendment.**

### Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). More specifically, the Eighth Amendment requires prison officials to provide adequate food to

prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). *See also Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Plaintiff has stated colorable Eighth Amendment claims against Dr. Coe and Dietary Supervisor Densmore. Tomatoes are an ingredient in so many foods, and an allergic reaction can be life threatening. Considering that Plaintiff's allergy was already documented in prison records, Densmore's and Coe's failure to ensure Plaintiff was served the proper diet—omitting tomatoes and being nutritionally adequate, *could* be deemed to be deliberate indifference to Plaintiff's health needs.

Relative to the retaliatory aspect of Count 3, an inmate alleging retaliation must have engaged in some protected First Amendment activity (e.g., filing a grievance), experienced an adverse action that would likely deter such protected activity in the future, and must allege that the protected activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The amended complaint sufficiently alleges a First Amendment retaliation claim against Dietary Supervisor Densmore, although Densmore's role in serving Plaintiff nutritionally inadequate meals is tenuously pleaded.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** against **JOHN COE**, and **COUNTS 2 and 3** against **MR. DENSMORE** shall **PROCEED**.

The Clerk of Court shall prepare for Defendants **JOHN COE and MR. DENSMORE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 7). Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 6) will be decided by the undersigned district judge as soon as Plaintiff's trust fund statement is received.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 14, 2015**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**