**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JARVIS POSTLEWAITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-1365-MJR-SCW** |
| | ) | |
| **JOHN COE, and** | ) | |
| **MR. DENSMORE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### A.  Introduction and Procedural Background

Plaintiff Jarvis Postlewaite, currently incarcerated at Pontiac Correctional Center,

filed a *pro se* civil rights action in August of 2014 while incarcerated at Lawrence

Correctional Center, styled as *Postlewaite v. Tredway et al.*, 14-cv-0930-JPG-PMF.  Upon

threshold review of that case, it was determined that the Plaintiff had stated a colorable

constitutional claim against Defendant Coe—deliberate indifference to the Plaintiff's

medical needs for failing to direct the dietary department to not serve Plaintiff

tomatoes, with knowledge that he was allergic (*see* 14-cv-0930, Doc. 12 at 3, 5).

However, as this was an unrelated claim against a different defendant than the

underlying suit, severance into a separate case was recommended (*Id*. at 7-8).  ***See***

*George v. Smith*, 507 F.3d 605,607 (7th Cir. 2007).  The case was severed and styled as *Postlewaite v. Coe*, 14-cv-1365-MJR-SCW.

On December 24, 2014, Plaintiff filed an amended complaint as to the above count, adding Defendant Densmore to the action (Doc. 4), and the case was referred to the Honorable Stephen C. Williams, United States Magistrate Judge (Doc. 9).  Defendant Coe filed a motion for summary judgment for failure to exhaust administrative remedies on May 27, 2015 (Doc. 42).  Defendant Densmore filed a similar motion for summary judgment on June 1, 2015 (Doc. 47).  Plaintiff filed a response to the former on June 8, 2015 (Doc. 51) and to the latter on June 24, 2015 (Doc. 58).  Magistrate Judge Williams set the two motions for hearing on November 13, 2015.

**B.  Report and Recommendations**

During the hearing, the Plaintiff provided testimony as to the Defendants' alleged deliberate indifference.  After considering everything in the record, Magistrate Judge Williams submitted a Report and Recommendations (R&R), recommending that the Court grant Defendant Coe's motion for summary judgment and deny Defendant Densmore's motion (Doc. 71).  Specifically, Judge Williams found that the Plaintiff failed to name or describe Defendant Coe sufficiently in the relevant grievances to exhaust his administrative remedies (*Id*. at 9).  Additionally, the Court found the Plaintiff's testimony as to his March 2014 grievance to be credible, including his statement that he submitted the grievance to the ARB.  As such, he may have exhausted

his administrative remedies as to Defendant Densmore.  Plaintiff timely filed an objection on November 23, 2015 (Doc. 72).

Timely objections having been filed, the Court undertakes *de novo* review of the portions to the Report to which Plaintiff specifically objected.  **28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b).**  The undersigned can accept, reject, or modify Magistrate Judge Williams' recommendations, receive further evidence, or recommit the matter with instructions.  ***Id.***  For the reasons stated below, the Court **ADOPTS** Magistrate Judge Williams' recommendations, **GRANTS** Defendant Coe's motion and **DENIES** Defendant Densmore's motion.

### C.  Filed Grievances

Magistrate Judge Williams' R&R contains a detailed accounting of the grievances filed by the Plaintiff that are presently in the record, and which the Court will briefly summarize.  Plaintiff filed a grievance on February 25, 2014, which detailed his allergy to tomatoes and stated that he was receiving a food tray without tomatoes or tomato products (Doc. 46-1 at 1).  However, he noted that he was not receiving a calorically complete and balanced diet as a result, as the dietary department was substituting the tomato items with applesauce, rice, or beans (*Id.* at 2).  He claims that "dietary staff is taking there [sic] frustration out on me because they have to make my tray up" (*Id.*).  Submitted as an emergency grievance, it was denied as emergent on March 19, 2014 by

the Chief Administrative Officer ("CAO"), directing the Plaintiff to resubmit "in the normal manner" (*Id*. at 1).

One day later, the Plaintiff submitted the identical grievance, this time as non-emergent (Doc. 58 at 14).  Per Illinois Department of Corrections ("IDOC") rules (*see* Doc. 71 at 4-6 for a detailed description of the IDOC exhaustion process), the grievance was sent to the Plaintiff's counselor, who returned it to the Plaintiff on April 2, 2014 (Doc. 58 at 14).  It was submitted to the grievance officer on April 10, 2014, assigned a grievance number (04-14-45), and denied on June 24, 2014, with the CAO signing off on the denial on July 3, 2014 (*Id*. at 16).  Neither grievance speaks of any individual by name and only referenced the "dietary staff."  At the November 13 hearing, Plaintiff stated that he mailed the grievance to the ARB sometime between July 4 and July 15, 2014.

Both Defendant Coe (Doc. 46-2) and Densmore (Doc. 48-2) submitted copies of the Plaintiff's grievance history ("IGRV report") to the Administrative Review Board ("ARB"), which did not list the above-discussed grievance.  Defendant Densmore also submitted an affidavit from the ARB, which stated that no grievances regarding the Plaintiff's diet were received in or around July 2014 (Doc. 48-1 at 3).

Defendant Coe's submitted IGRV report detailed one dietary grievance, 12-14-44 (Doc. 46-2 at 1).  A copy of this grievance was submitted during the hearing (Doc. 70) and it was noted that the grievance was still being processed by the ARB at the time of

the hearing (Doc. 71 at 8).  Filed on November 11, 2014, it was received by the Plaintiff's

counselor on November 19, 2014, returned to the Plaintiff on December 5, 2014, received

by the grievance officer on December 11, 2014, returned to the Plaintiff with the CAO's

signature denying the grievance on March 11, 2015, and appealed to the ARB on March

19, 2015 (Doc. 70).  However, as this grievance was still under consideration at the time

of his filing, it cannot be considered for the purpose of exhaustion.  ***Perez v. Wisconsin***

***Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999), citing 42 U.S.C § 1997e(a)); *Ford***

***v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).**

### D. <u>Plaintiff's Objections</u>

Unsurprisingly, Plaintiff does not object to Magistrate Judge Williams'

recommendation to deny Defendant Densmore's motion, allowing the action to proceed

against him.  Instead, he concentrates his objections as to Defendant Coe.  He notes that

he filed several grievances between November 6, 2013 and February of 2014 and never

received any response back (Doc. 72 at 1).  However, neither his objections nor the

record as a whole details these alleged grievances.

### E. <u>Analysis</u>

The record does not offer a single grievance which discusses, describes, or

implicates Defendant Coe.  Nothing in the Plaintiff's objection addresses this issue

which Judge Williams raised in the R&R.  As the R&R illustrates, while a Plaintiff is not

required to name a defendant in a grievance, ***Maddox v. Love*, 655 F.3d 709, 713 (7th**

**Cir. 2011)**, it is necessary to provide enough information so that the prison may take corrective action. *Kaba v. Stepp*, **458 F.3d 678, 684 (7th Cir. 2006);** *Woodford v. Ngo*, **548 U.S. 81, 89-90 (2006).** *See also* **20 ILL. ADMIN. CODE § 504.810(a)(b) ("The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.")** Nor can the Plaintiff rely upon the grievances which he alleges were sent between November 2013 and February 2014, which are not documented anywhere in the record. The Court **REJECTS** the Plaintiff's objection, **ADOPTS** the R&R as to Defendant Coe, and **GRANTS** Defendant Coe's motion for summary judgment.

The March 2014 grievance, 04-14-45, does reference the dietary staff and, by implication (though not by name), Defendant Densmore. While the Plaintiff contends that the grievance was sent to the ARB, there is no record of the March 2014 grievance being received. What is interesting is that two other grievances, filed at roughly the same time (as demonstrated by their file number), have been received: 04-14-44 and 04-14-46 (Doc. 46-2). The Court agrees with the reasoning of Judge Williams that the Plaintiff clearly understands the submission of grievances to the ARB, and it appears likely that, having received the denial from the CAO, that he would have submitted the grievance to the ARB. As such, the Court again **ADOPTS** the R&R as to Defendant Densmore, and **DENIES** Defendant Coe's motion for summary judgment.

### F.  Conclusion

For the reasons stated herein, the Court **REJECTS** Plaintiff's objections (Doc. 72), **ADOPTS** Magistrate Judge Williams' R&R (Doc. 71) in its entirety, **GRANTS** Defendant Coe's motion for summary judgment (Doc. 42) and **DENIES** Defendant Densmore's motion for summary judgment (Doc. 47).  Defendant Coe is terminated from the action, and the action shall proceed against Defendant Densmore.

**IT IS SO ORDERED.**

DATED:   **January 12, 2016**

**s/ Michael J. Reagan**
Michael J. Reagan
Chief Judge
United States District Court
