IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARVIS POSTLEWAITE, No. R25461 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-1365-MJR-SCW |
| | ) |
| Mr. DENSMORE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

Plaintiff Jarvis Postlewaite, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), initiated a legal action in August 2014 alleging various violations of his rights pursuant to 42 U.S.C. § 1983. After the Court conducted a preliminary screening of Postlewaite's Complaint, it severed certain claims into a separate lawsuit (*See* Doc. 1). The above-captioned matter is the result of said severance. Herein, Postlewaite alleges that he suffered deliberate indifference and retaliation while incarcerated at Lawrence Correctional Center ("Lawrence") because the Defendant failed to provide him with a tomato-free diet, and subsequently retaliated against him for seeking a nutritionally adequate diet. Postlewaite's claims fall within the purview of Section 1983, as they are allegations of First and Eighth Amendment violations. In connection with his claims, Postlewaite has named Dietary Supervisor, Rick Densmore. The matter is now before the Court on Defendant Densmore's Motion for Summary

Judgment (Doc. 105). For reasons explained below, the Court finds it inappropriate to address the merits of the Motion for Summary Judgment, and instead finds it appropriate to revoke Plaintiff's *in forma pauperis* status and to dismiss the case without prejudice.

**II. Factual and Procedural Overview**

Plaintiff was an inmate at Lawrence from November 2013 to September 2015. (Doc. 106-1, p. 3). Plaintiff claims that he suffers from a tomato allergy, but that he was not provided with a tomato-free diet for roughly three months while at Lawrence. (*Id.*). Early in his incarceration at Lawrence, Plaintiff apparently raised the tomato-diet issue to Defendant Densmore (*Id.*). Densmore told Plaintiff that to secure a tomato-free diet, he would need to go thru the medical department. (*Id.* at 5). Plaintiff alleges that he subsequently sent Densmore medical documents from another institution—Stateville Correctional Center—regarding his tomato-free dietary needs. (*Id.* at 4). Plaintiff cannot confirm that Densmore received the documents, and he never saw Densmore again before the dietary situation was resolved. (*Id.* at 4-5). Instead, Plaintiff indicated at his deposition that he secured a tomato-free diet at the Warden's orders after he went on a hunger strike. (*Id.* at 21).

Despite having secured a tomato-free diet, Plaintiff alleges that Defendant Densmore harmed him by depriving him of adequate nutrition in the absence of tomatoes. (*Id.* at 5). Specifically, Plaintiff alleges that on at least 30 occasions, his food trays did not contain adequate amounts of food. (*Id.*). However, he has no evidence to

support this assertion, nor does he allege that he informed Densmore of this problem. (*Id.* at 3, 7-9). By contrast, Defendant Densmore indicated in response to a request for admission that he was unaware of the adequacy of Plaintiff's particular serving sizes, but that it is typical practice for inmate workers serving food to serve standard sized portions based on the use of set measuring scoops. (Doc. 106-3). Plaintiff theorizes that Defendant Densmore was retaliating against him for seeking a tomato-free diet, though he has not proffered any concrete evidence to support that theory. (Doc. 9, p. 3; Doc. 106-1, p. 19).

On December 10, 2014, the above-captioned case was generated after the claims presented herein were severed from another case (Doc. 1).[1] Plaintiff was allowed to file an amended complaint (Doc. 4) and that complaint was screened pursuant to Section 1915 (Doc. 9). On January 16, 2015, Plaintiff Postlewaite was granted leave to proceed *in forma pauperis* ("IFP") (Dkt. entry no. 13). The case proceeded through discovery, one defendant was eliminated based on a failure to exhaust claims (Doc. 74), and Defendant Densmore's Motion for Summary Judgment was denied (*Id.*). Discovery continued as to the sole remaining Defendant—Densmore. Meanwhile, on August 19, 2016, the Seventh Circuit Court of Appeals issued an order severely curtailing Plaintiff's authority to file documents before that Court or any other district court.

Specifically, the Seventh Circuit Order directed all clerks of court to "return unfiled all papers Postlewaite submits (other than collateral attacks on his

---

[1] The original case was 14-cv-0930-JPG. In that case, summary judgment was entered in favor of the Defendant in March 2016.

imprisonment) until all outstanding fees…are paid." (CM/ECF, 7th Cir., Case No. 15-2480). The Seventh Circuit's Order resulted in Plaintiff Postlewaite being placed on a list of "Restricted Filers." To date, Plaintiff is still on the list. *See* Listing of Restrictive Filers, http://www.circ7.dcn/caseproc/RFexplains/RFframeset.htm (last accessed January 25, 2017).

On November 21, 2016, Defendant Densmore filed a second Motion for Summary Judgment (Docs. 105, 106). A response deadline was set for December 27, 2016, and the deadline came and went without a response being filed. However, due to Plaintiff Postlewaite being on the restricted filer list, the Clerk of this Court would have been unable to accept a responsive pleading in this matter. The Motion for Summary Judgment is now ripe for decision, but, given the Plaintiff's inability to respond, the Court finds it improper to dispose of this case on the merits.

### III. Legal Analysis

Prisoner litigation is subject to certain restrictions as are set forth in 28 U.S.C. § 1915A. Among those restrictions, Section 1915(g) states that a prisoner shall not bring an action IFP if the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Although not binding precedent, the District of Columbia Court of Appeals' decision in *Hurt v. Social Security Admin.*, 544 F.3d 308, 309-10 (D.C. Cir. 2008) is instructive in so much as that Court acknowledged the ability of a district

court to revoke IFP status in light of a litigant's abusive conduct.

Here, the Court finds it appropriate to revoke Plaintiff's IFP status, and to dismiss the case without prejudice. The Court finds this an appropriate action because the Plaintiff is technically no longer eligible to proceed IFP under Section 1915(g), and he is also unable to file any substantive documents in this case per the Seventh Circuit's filing restriction that took effect on August 19, 2016. The Court finds it inappropriate to address the merits of summary judgment when the Plaintiff was literally barred from filing a responsive pleading on his own behalf. Accordingly, this case is hereby dismissed without prejudice. The Plaintiff may, if he so chooses, reinstate the action at a future date by paying all applicable fees. The Court finds that this dismissal does not harm the Defendant's interests because, were the Plaintiff to refile this very action, the Defendant has already completed discovery and gathered the evidence to put forth a motion for summary judgment, so the Court presumes that the Defendant could simply recycle this material by filing the motion anew.

As a final note, regarding Plaintiff's eligibility to proceed IFP, not only has the Plaintiff been barred by the Seventh Circuit, but the Plaintiff has also failed to establish imminent danger of physical harm. Based on the pleadings, Plaintiff alleged that he was only forced to endure a diet including tomatoes for roughly three months, and that the lack of nutritionally adequate meals only occurred for a limited period of time. Neither of these assertions suggests that Plaintiff remains in imminent danger. Additionally, Plaintiff's dietary complaints stem from his time at Lawrence, but he is now housed at Western Correctional Center. Thus, the Court does not find that the

imminent danger exception to Section 1915(g)'s restriction has been established.

## IV. Conclusion

In light of the foregoing analysis, the Court hereby **REVOKES** Plaintiff Jarvis Postlewaite's authorization to proceed IFP in this matter.

The Court hereby **DENIES** the Defendant's Motion for Summary Judgment (Doc. 105), and the Court hereby **DISMISSES** this case without prejudice.

The Clerk of the Court is **DIRECTED** to close this case because by the terms of this Order the Court has **DISMISSED** the claims against the sole remaining defendant—Defendant Densmore.

**IT IS SO ORDERED**.
DATED: February 3, 2017

*/s/ Michael J. Reagan*
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**